Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5086 | **DATE** | 1/8/2002 |
| **CASE TITLE** | DEVIN W. COBB vs. TELLABS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Tellabs' motion to dismiss the complaint [5-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | **JAN 11 2002** date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 JAN 10 PM 5:55 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| DEVIN W. COBB, | ) |
| Plaintiff, | ) Case No. 01 C 5086 |
| v. | ) Hon. John W. Darrah |
| TELLABS, INC., | ) |
| Defendant. | ) |

DOCKETED
JAN 1 1 2002

## MEMORANDUM OPINION AND ORDER

Defendant Tellabs, Inc. moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Devin W. Cobb's Complaint. For the reasons set forth below, Tellabs, Inc.'s Motion to Dismiss the Complaint [5-1] is denied.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his

recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

Plaintiff Devin W. Cobb ("Cobb") has filed a single-count complaint against Defendant Tellabs, Inc. ("Tellabs"), alleging a federal claim for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. For purposes of this Motion to Dismiss, the following allegations are taken as true.

Cobb, a black man, was employed by Tellabs at its Bolingbrook, Illinois facility. During Cobb's employment, Tellabs subjected Cobb to the following indignities because of his race: (1) he was subjected to different terms and conditions of employment; (2) he was ridiculed, embarrassed and ignored by a manager; (3) he was given a poor performance evaluation and subjected to different terms and conditions of employment in retaliation for complaining about racial discrimination; and (4) Tellabs failed to take appropriate action after he complained about racial discrimination on more than one occasion.

## DISCUSSION

Tellabs has moved to dismiss the complaint, arguing that Cobb cannot state a claim for relief because the only adverse employment action he alleges is a negative performance review. Cobb argues that dismissal is inappropriate because his complaint puts Tellabs on notice that he is asserting a claim of racial discrimination and retaliation under Title VII.

Cobb may prove discrimination under Title VII through direct evidence or, indirectly,

through the burden-shifting mechanism of *McDonnell Douglas*.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To prove discrimination indirectly, Cobb must establish that: (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was meeting his employer's legitimate performance expectations, and (4) his employer treated similarly situated employees who were not in the protected class more favorably. *Maarouf v. Walker Manufacturing Co.*, 210 F.3d 750, 751 (7th Cir. 2000).

Cobb has alleged that he, as an African-American, is a member of a protected class. He has also alleged that he was subjected to different terms and conditions of employment and was ignored, ridiculed and embarrassed by a Tellabs manager because he is black. These allegations support the inference that Tellabs treated similarly situated employees who were not black more favorably. "'[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.'" *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (quoting *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986))

Cobb does not specifically allege that he was meeting Tellabs' legitimate expectations. However, he does allege that he was given a poor performance review in retaliation for complaining about racially discriminatory practices. This allegation fairly supports the inferences that Cobb would not have been given a negative performance review if he had not complained and that, therefore, he was meeting Tellabs' legitimate expectations.

---

[1] Under the *McDonnell Douglas* framework, a *prima facie* case of employment discrimination creates a rebuttable presumption that employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions; if the employer satisfies that burden, plaintiff must then show that articulated reasons were pretextual. *Hong v. Children's Memorial Hospital*, 993 F.2d 1257, 1261 (7th Cir. 1994).

Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly,* 135 F.3d at 1205.

Cobb has alleged that he was given "a poor performance evaluation and otherwise subject[ed] . . . to different terms and conditions of employment." (Compl. ¶ 7(d).) Tellabs argues that this allegation is insufficient to state a claim for race discrimination because negative performance reviews do not constitute adverse employment actions.

Negative performance reviews are "not . . . adverse employment action[s] unless . . . [they are] accompanied by some other action, such as job loss or demotion." *Krause v. City of La Crosse,* 246 F.3d 995, 999 (7th Cir. 2001). In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). While Cobb has not specifically alleged an action, such as job loss or demotion, that would make a negative performance review into an adverse employment action, he has alleged (1) a poor performance review and (2) terms and conditions of employment different than those afforded other employees. These allegations support the inference that there were other actions, in addition to the poor performance review and, thus, that there was an adverse employment action. Therefore, Cobb has stated a claim for racial discrimination, and dismissal of this claim is inappropriate.

Cobb also claims that he was retaliated against for complaining about racial discrimination. A retaliation claim may be proved by indirect evidence under the burden-shifting method of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Kersting v. Wal-Mart Stores, Inc.,* 250 F.3d 1109, 1117 (7th Cir. 2001). In order to plead a claim of retaliation under Title VII, Cobb must plead that: (1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected expression and the adverse employment

action. *Stutler v. Ill. Dep't of Corrections*, 263, F.3d 698, 702 (7th Cir. 2001) (citations omitted).

The complaint adequately states a claim of retaliation. Cobb has alleged that he engaged in statutorily protected expression: he complained about racial discrimination to his employer. *See, e.g., Lambert v. Ackerly*, 180 F.3d 997, 1002-03 (9th Cir. 1999); *EEOC v. Romeo Cmty. Schs.*, 976 F.2d 985, 989 (6th Cir. 1992) (holding plaintiff's complaint to school district that she was being paid less than male custodians constituted protected expression for retaliation claim); *EEOC v. White & Sons Enters.*, 881 F.2d 1006, 1011 (11th Cir. 1989) (holding "unofficial complaints expressed by the women to their employees about unequal pay constituted an assertion of rights protected under" the Fair Labor Standards Act and Title VII); *Love v. Re/Max of Am., Inc.*, 738 F.2d 383, 385 (10th Cir. 1984) (holding female employee's memorandum to the president of her company requesting to be paid at the same rate as male employees constituted protected expression under Title VII). Furthermore, Cobb has alleged that he suffered an adverse employment action, as was discussed earlier. Moreover, Cobb has alleged a causal link between his protected expression and the adverse employment action. Cobb alleged that he was given a poor performance review and subjected to different terms and conditions of employment because he complained about racial discrimination. Therefore, dismissal of this claim is inappropriate.

Complaints "serve[] to put . . . defendant[s] on notice." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). The allegations in the complaint are sufficient to place Tellabs on notice of the claim being asserted against it. Therefore, Tellabs' motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, Tellabs' Motion to Dismiss the Complaint [5-1] is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 8, 2001